## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | Case No. 2:23-cv-02996-MHW-EPD |
| | ) | |
| Plaintiff, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | **JURY DEMAND** |
| | ) | **ENDORSED HEREON** |
| Defendant. | ) | |

### ANSWER OF DEFENDANT THE OHIO STATE UNIVERSITY

Defendant The Ohio State University ("Ohio State," "Defendant," or the "University"), by

and through its counsel, for its answer to Plaintiff's Complaint (Doc. 1), states the following:

### FIRST DEFEENSE

1.      Denies it engaged in any act or omission giving rise to any claim for liability under

Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. ("Title IX"), including

denying allegations that it had actual legal knowledge of, ignored, and/or covered up evidence of

the alleged sexual predation of Richard Strauss, M.D.  Further answering, Ohio State states it is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 1 of the Complaint.

2.      States it is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3.      Admits it employed Dr. Strauss from approximately September 1978 until March

1998, and, that, during certain periods of time between September 1978 and March 1998, Dr.

Strauss worked as a physician and/or a professor at Ohio State.  Ohio State denies any remaining

allegations contained in Paragraph 3 of the Complaint.

1

4.     Denies the allegations contained in Paragraph 4 of the Complaint.

5.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX; and denies the allegations that the Governor's Working Group was tasked with investigating Ohio State.  Ohio State states that the text of the *Governor's Working Group on Reviewing the Medical Board's Handling of the Investigation Involving Richard Strauss Report* (the "Medical Board Report") speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the Medical Board Report.  While Ohio State respects the contents, findings and/or conclusions of the Medical Board Report, Ohio State further states it is without knowledge or information sufficient to form a belief as to the truth of the contents, findings and/or conclusions of the Medical Board Report because it is an independent, external report, and therefore denies the same and leaves Plaintiff to his proof.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and the footnotes contained therein, and therefore denies the same.

6.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged sexual assaults by Dr. Strauss at the time alleged or was deliberately indifferent.  Further answering, Ohio State states that the text of the "*University issues annual crime report, reminds community of safety resources*" article (the "2020 Crime Report Article"), speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of, the 2020 Crime Report Article.  Further answering, Ohio State denies the remaining allegations contained in Paragraph 6 of the Complaint.

2

7.      Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations that it had actual legal knowledge of Dr. Strauss' alleged sexual predation of students and student-athletes at Ohio State at the time alleged. Further answering, due to restrictions contained in the Court's prior orders governing the disclosure of the identities of John Doe Plaintiffs, including to whom such information may be disclosed, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8.      Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.      Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11.      Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge at the time alleged that Dr. Strauss was an alleged sexual predator. Further answering, Ohio State states it is without

3

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

17.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same.

20.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies the same.

22.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies the same.

24.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged sexual assaults and abuse by Dr. Strauss at the time alleged or was deliberately indifferent. Ohio State admits that the Ohio Attorney General's Office appointed Porter Wright Morris & Arthur LLP as legal counsel for the University; admits that Porter Wright engaged Perkins Coie LLP to conduct an independent, external investigation of the matter; and, admits that on May 17, 2019, the *Report of the Independent Investigation Sexual Abuse Committed by Dr. Richard Strauss at The Ohio State University* (the "Perkins Coie Report") was publicly released. Ohio State states that the text of the Perkins Coie Report speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the Perkins Coie Report. Ohio State launched an independent, external investigation of the historical allegations involving Dr. Richard Strauss in 2018. Through special counsel Porter Wright, Perkins Coie reviewed archival material and interviewed witnesses who were still available from 20-40 years ago and then released an investigative report. The Perkins Coie Report provided Ohio State with findings and conclusions based upon the only available information and material from that time period. Ohio State understood that time passage, unavailability of witnesses, and the normal course of record retention over the 20-40 year period would create challenges to a complete record. Regardless of those challenges, Ohio State utilized the Perkins Coie Report to bring closure and attempt reconciliation to a painful period for the Buckeye

community. The Perkins Coie Report, while non-exhaustive, provided Ohio State with enough information to move forward with that process. However, because of the challenges of time passage, and unavailability of witnesses and material, it is impossible for the Perkins Coie Report to be a complete factual record for litigation purposes. Ohio State respects the contents, findings and/or conclusions of the Perkins Coie Report. Because it was an independent, external investigation and report, Ohio State did not conduct its own investigation and therefore is without knowledge or information sufficient to form a belief as to the truth of the contents, findings and/or conclusions of the Perkins Coie Report. Plaintiff is required to establish the record and proof of his individual allegations. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint and the footnote contained therein, and therefore denies the same.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. States that Paragraph 26 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations that it was complicit in, ignored, enabled and/or covered up the alleged conduct by Dr. Strauss. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27. Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged sexual abuse by Dr. Strauss at the time alleged or was deliberately indifferent. Ohio State admits that Dr. Strauss was an employee of Ohio State during certain periods of time; admits that Ohio State appointed

Dr. Strauss as a team doctor for certain varsity sports at Ohio State during certain periods of time; and admits that Dr. Strauss worked in the Sports Medicine Clinic at Ohio State during certain periods of time. While Ohio State respects the contents, findings and/or conclusions of the Medical Board Report, Ohio State further states it is without knowledge or information sufficient to form a belief as to the truth of the contents, findings and/or conclusions of the Medical Board Report because it is an independent, external report, and therefore denies the same and leaves Plaintiff to his proof. Further answering, Ohio State denies the remaining allegations contained in Paragraph 27 of the Complaint and the footnote contained therein.

28.     States that Paragraph 28 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge that Ohio State students were at an alleged substantial risk of being sexually abused by Dr. Strauss at the time alleged or was deliberately indifferent. Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 28 of the Complaint. Further answering, Ohio State denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Denies the allegations contained in Paragraph 29 of the Complaint.

30.     States that Paragraph 30 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State denies the allegations contained in Paragraph 30 of the Complaint.

31.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged predation by Dr. Strauss at the time alleged or was deliberately indifferent. Ohio State admits it employed Dr.

Strauss to provide medical care and treatment to Ohio State students and student-athletes during certain periods of time; admits it appointed Dr. Strauss as an assistant professor of medicine for certain periods of time; admits that Dr. Strauss served as a team doctor for certain varsity sports at Ohio State for certain periods of time; and admits that Dr. Strauss worked at the Ohio State Sports Medicine Clinic at the Student Health Center during certain periods of time. Further answering, Ohio State denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged sexual assaults by Dr. Strauss at the time alleged or was deliberately indifferent. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint, and therefore denies the same.

33.     Ohio State restates, realleges, and incorporates by reference, as if fully set forth herein, Paragraphs 1 through 32 of this Answer in response to the allegations contained in Paragraph 33 of the Complaint.

34.     States that Paragraph 34 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Ohio State states that Title IX speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of Title IX. Further answering, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX, and denies any remaining allegations contained in Paragraph 34 of the Complaint.

35.     States that Paragraph 35 sets forth a legal conclusion to which no response is required. To the extent a response is required, Ohio State states that 28 U.S.C. § 1331 speaks for itself, and denies any incomplete or non-contextual characterization or description, and any

misstatement, mischaracterization or misdescription of 28 U.S.C. § 1331. Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 35 of the Complaint.

36. States that Paragraph 36 sets forth legal conclusions to which no response is required. To the extent a response is required, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State does not contest venue in this Court related to the claims currently pled in Plaintiff's Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37. Ohio State restates, realleges, and incorporates by reference, as if fully set forth herein, Paragraphs 1 through 36 of this Answer in response to the allegations contained in Paragraph 37 of the Complaint.

38. Due to restrictions contained in the Court's prior orders governing the disclosure of the identities of John Doe Plaintiffs, including to whom such information may be disclosed, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore denies the same.

39. States that Paragraph 39 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Ohio State states that Title IX speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of Title IX. Ohio State admits it was and continues to be a public university organized and existing under the laws of the State of Ohio; admits at certain times it received federal financial assistance; admits it was subject to Title IX in

different ways at different times, but denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40.     States that Paragraph 40 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, Ohio State denies the allegations contained in Paragraph 40 of the Complaint.

41.     States that Paragraph 41 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, Ohio State states it employed Dr. Strauss from approximately 1978 to 1998, and at certain times during that period Dr. Strauss provided medical services to certain Ohio State student-patients.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42.     Admits that Dr. Strauss died in 2005.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint, and therefore denies the same.

43.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint, and therefore denies the same.

44.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies the same.

45.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore denies the same.

46.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore denies the same.

47.     States it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies the same.

48.     Denies that certification of a class is appropriate.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49.     Admits it employed Dr. Strauss beginning approximately September 1978; admits that Dr. Strauss was hired by Ohio State as an Assistant Professor in the College of Medicine; admits that Dr. Strauss volunteered certain services to staff at Larkins Hall at certain times; admits that Dr. Strauss served as an Associate Director of the Sports Medicine program in 1980; and admits that in 1981, Dr. Strauss began an appointment in the Athletics Department, which included responsibilities at a Sports Medicine Clinic located in the University's Student Health Services building.  Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 49 of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint and the footnote contained therein, and therefore denies the same.

50.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State admits that 1978 was Dr. Strauss's first year of employment at Ohio State. Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in

response to Paragraph 50 of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the Complaint and the footnote contained therein, and therefore denies the same.

51.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 51 of the Complaint. Further answering, Ohio State states that the text of the Medical Board Report speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the Medical Board Report. While Ohio State respects the contents, findings and/or conclusions of the Medical Board Report, Ohio State further states it is without knowledge or information sufficient to form a belief as to the truth of the contents, findings and/or conclusions of the Medical Board Report because it is an independent, external report, and therefore denies the same. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the Complaint and the footnotes contained therein, and therefore denies the same.

52.     Denies Ohio State admitted that the number of male students allegedly abused by Dr. Strauss was likely in the thousands. Ohio State states that the text of the article entitled "*University issues annual crime report*" (the "2019 Crime Report") speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the 2019 Crime Report. Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 52 of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the Complaint and the footnotes contained therein, and therefore denies the same.

53.     Admits that during certain periods of time Dr. Strauss was a team doctor for certain sports at Ohio State and worked at the Sports Medicine Clinic at Ohio State's Student Health Center.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint, and therefore denies the same.

54.     Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 54 of the Complaint.    Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint and the footnote contained therein, and therefore denies the same.

55.     Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 55 of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Complaint and the footnote contained therein, and therefore denies the same.

56.     Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 56 of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the Complaint, and therefore denies the same.

57.      Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations that it had actual legal knowledge of the alleged abuse by

Dr. Strauss at the time alleged, failed to act, or was deliberately indifferent. Ohio State admits the Perkins Coie Report was publicly released on May 17, 2019. Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 57 of the Complaint. Further answering, Ohio State denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 58 of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 of the Complaint and the footnote contained therein, and therefore denies the same.

59.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 59 of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of the Complaint and the footnote contained therein, and therefore denies the same.

60.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations that it had actual legal knowledge about, and/or failed to act regarding, the alleged sexual assaults by Dr. Strauss at the time alleged. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 60 of the Complaint. Further answering, Ohio State states it is without knowledge or information

14

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 of the Complaint and the footnote contained therein, and therefore denies the same.

61.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State incorporates herein its answers and responses to the other referenced, but not identified, complaints filed against Ohio State in other actions.  Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 61 of the Complaint.   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of the Complaint and the footnote contained therein, and therefore denies the same.

62.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62 of the Complaint.    Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62 of the Complaint, its subparts and the footnotes contained therein, and therefore denies the same.

i)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61(i) of the Complaint and the footnote contained therein, including all allegations about the contents, findings and/or conclusions of the *Sandusky Register* Article, and therefore denies the same.

ii)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State states that no response to the allegations relating to the Proposed Corrected Second Amended Complaint in *Snyder-Hill, et al. v. The Ohio State University* (S.D.

15

Ohio Case No. 2:18-cv-00736-MHW-EPD) (Doc. 103-2) ("Proposed *Snyder-Hill* SAC") is required because the Court denied leave to file the Proposed *Snyder-Hill* SAC; the Proposed *Snyder-Hill* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00736-MHW-EPD was administratively closed by the Court and a new case number was opened. To the extent a response is deemed required, Ohio State incorporates its Answer to the Consolidated Complaint filed in *Snyder-Hill, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-02933-MHW-EPD). Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(ii) of the Complaint and the footnotes contained therein, including all allegations about the allegations contained in the Proposed *Snyder-Hill* SAC, and therefore denies the same.

iii)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(iii) of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62(iii) of the Complaint and the footnote contained therein, and therefore denies the same.

iv)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State states that no response to the allegations relating to the Proposed *Snyder-Hill* SAC is required because the Court denied leave to file the Proposed *Snyder-Hill* SAC; the Proposed *Snyder-Hill* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00736-MHW-EPD was administratively closed by the Court and a new case number was opened. To the extent a response is deemed required, Ohio State

incorporates its Answer to the Consolidated Complaint filed in *Snyder-Hill, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-02933-MHW-EPD). Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 62(iv) of the Complaint and the footnotes contained therein, including all allegations about the allegations contained in the Proposed *Snyder-Hill* SAC, and therefore denies the same.

v) Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(v) of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(v) of the Complaint and the footnote contained therein, and therefore denies the same.

vi) Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State states that no response to the allegations relating to the Proposed *Snyder-Hill* SAC is required because the Court denied leave to file the Proposed *Snyder-Hill* SAC; the Proposed *Snyder-Hill* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00736-MHW-EPD was administratively closed by the Court and a new case number was opened. To the extent a response is deemed required, Ohio State incorporates its Answer to the Consolidated Complaint filed in *Snyder-Hill, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-02933-MHW-EPD). Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 62(vi) of the Complaint and the footnotes contained therein,

including all allegations about the allegations contained in the Proposed *Snyder-Hill* SAC, and therefore denies the same.

viii) Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State states that no response to the allegations relating to the Proposed *Snyder-Hill* SAC is required because the Court denied leave to file the Proposed *Snyder-Hill* SAC; the Proposed *Snyder-Hill* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00736-MHW-EPD was administratively closed by the Court and a new case number was opened. To the extent a response is deemed required, Ohio State incorporates its Answer to the Consolidated Complaint filed in *Snyder-Hill, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-02933-MHW-EPD). Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 62(vii) of the Complaint and the footnotes contained therein, including all allegations about the allegations contained in the Proposed *Snyder-Hill* SAC, and therefore denies the same.

viii) Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(viii) of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(viii) of the Complaint and the footnote contained therein, and therefore denies the same.

ix) Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(ix) of the Complaint. Further answering, Ohio State states it

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(ix) of the Complaint and the footnote contained therein, and therefore denies the same.

x) Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State states that no response to the allegations relating to the Proposed *Snyder-Hill* SAC is required because the Court denied leave to file the Proposed *Snyder-Hill* SAC; the Proposed *Snyder-Hill* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00736-MHW-EPD was administratively closed by the Court and a new case number was opened. To the extent a response is deemed required, Ohio State incorporates its Answer to the Consolidated Complaint filed in *Snyder-Hill, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-02933-MHW-EPD). Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(x) of the Complaint and the footnotes contained therein, including all allegations about the allegations contained in the Proposed *Snyder-Hill* SAC, and therefore denies the same.

xi) Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(xi) of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xi) of the Complaint and the footnote contained therein, and therefore denies the same.

xii) Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Ohio State states that no response to the allegations relating to the Proposed

*Snyder-Hill* SAC is required because the Court denied leave to file the Proposed *Snyder-Hill* SAC; the Proposed *Snyder-Hill* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00736-MHW-EPD was administratively closed by the Court and a new case number was opened. To the extent a response is deemed required, Ohio State incorporates its Answer to the Consolidated Complaint filed in *Snyder-Hill, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-02933-MHW-EPD). Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xii) of the Complaint and the footnotes contained therein, including all allegations about the WKYC article and the allegations contained in the Proposed *Snyder-Hill* SAC, and therefore denies the same.

xiii)    Denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Further answering, Ohio State states that no response to the allegations relating to the Proposed *Snyder-Hill* SAC is required because the Court denied leave to file the Proposed *Snyder-Hill* SAC; the Proposed *Snyder-Hill* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00736-MHW-EPD was administratively closed by the Court and a new case number was opened. To the extent a response is deemed required, Ohio State incorporates its Answer to the Consolidated Complaint filed in *Snyder-Hill, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-02933-MHW-EPD). Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 62(xiii) of the Complaint and the footnotes contained therein, including all allegations about the allegations contained in the Proposed *Snyder-Hill* SAC, and therefore denies the same.

xiv)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.   Ohio State states that no response to the allegations relating to the Proposed *Snyder-Hill* SAC is required because the Court denied leave to file the Proposed *Snyder-Hill* SAC; the Proposed *Snyder-Hill* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00736-MHW-EPD was administratively closed by the Court and a new case number was opened.   To the extent a response is deemed required, Ohio State incorporates its Answer to the Consolidated Complaint filed in *Snyder-Hill, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-02933-MHW-EPD).   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xiv) of the Complaint and the footnotes contained therein, including all allegations about the allegations contained in the Proposed *Snyder-Hill* SAC, and therefore denies the same.

xv)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State states that no response to the allegations relating to the Proposed Second Amended Class Action Complaint in *Garrett, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:18-cv-00692-MHW-EPD) (Doc. 126) (the "Proposed *Garrett* SAC") is required because the Court ordered the Proposed *Garrett* SAC stricken; the Proposed *Garrett* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00692-MHW-EPD was administratively closed by the Court and a new case number was opened.   To the extent a response is deemed required, Ohio State incorporates its Answer to the Amended Consolidated Class Action Complaint filed in *Gonzales, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-03051).   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 62(xv)

of the Complaint and the footnotes contained therein, including all allegations about the allegations contained in the Proposed *Garrett* SAC, and therefore denies the same.

xvi)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.   Ohio State states that no response to the allegations relating to the Proposed *Garrett* SAC is required because the Court ordered the Proposed *Garrett* SAC stricken; the Proposed *Garrett* SAC was superseded by the filing of further amended and consolidated complaints; and Case No. 2:18-cv-00692-MHW-EPD was administratively closed by the Court and a new case number was opened.   To the extent a response is deemed required, Ohio State incorporates its Answer to the Amended Consolidated Class Action Complaint filed in *Gonzales, et al. v. The Ohio State University* (S.D. Ohio Case No. 2:23-cv-03051).  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xvi) of the Complaint and the footnotes contained therein, including all allegations about the allegations contained in the Proposed *Garrett* SAC, and therefore denies the same.

xvii)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(xvii) of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xvii) of the Complaint and the footnote contained therein, and therefore denies the same.

xviii)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.   Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(xviii) of the Complaint.  Further answering, Ohio State states

it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xviii) of the Complaint and the footnotes contained therein, and therefore denies the same.

xix)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.   Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(xix) of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xix) of the Complaint and the footnotes contained therein, and therefore denies the same.

xx)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.   Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(xx) of the Complaint.   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xx) of the Complaint and the footnotes contained therein, and therefore denies the same.

xxi)     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 62(xxi) of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62(xxi) of the Complaint and the footnotes contained therein, and therefore denies the same.

63.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State admits that, during certain periods of time, Dr. Strauss worked in the Student

Health Center and/or the Athletics Department. Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 63 of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the Complaint, and therefore denies the same.

64.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged conduct by Dr. Strauss at the time alleged, did nothing to protect Ohio State students, or was deliberately indifferent. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the Complaint, and therefore denies the same.

65.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged sexual misconduct by Dr. Strauss at the time alleged. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 65 of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 of the Complaint, and therefore denies the same.

66.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged conduct by Dr. Strauss at the time alleged. Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 66 of the Complaint. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 66 of the Complaint and its subparts i-vii, and therefore denies the same.

67.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge of the alleged conduct by Dr. Strauss at the time alleged.   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Complaint, and therefore denies the same.

68.     States that Paragraph 68 sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, Ohio State denies the allegations contained in Paragraph 68 of the Complaint.

69.     Denies the allegations contained in Paragraph 69 of the Complaint and the footnote contained therein.

70.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 70 of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Complaint and the footnote contained therein, and therefore denies the same.

71.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 71 of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 71 of the Complaint and the footnote contained therein, and therefore denies the same.

72.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State admits that in January 1996 the University's Office of Human Resources placed Dr. Strauss on administrative leave and suspended him from providing clinical treatment to students at the University (both in Student Health and in Athletics); and, admits that a disciplinary hearing into Dr. Strauss' alleged conduct was held in June 1996.  Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 72 of the Complaint.   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the Complaint and the footnotes contained therein, and therefore denies the same.

73.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State admits that Dr. Strauss was terminated from Ohio State's Athletic Department at the end of July 1996, but denies that this was the "only" action taken against Dr. Strauss.  Ohio State states that Dr. Strauss' ability to provide clinical treatment to students at the University (both in Student Health and in Athletics) was suspended in January 1996; states that a disciplinary hearing into Dr. Strauss' alleged conduct was held in June 1996; and states that Dr. Strauss' appointment with Student Health Services was not renewed on approximately August 5, 1996.  Ohio State admits Dr. Strauss remained employed at the University as a tenured professor in the School of Public Health until his retirement on March 1, 1998, but without the ability to provide clinical treatment to students at the University.  Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 73 of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in Paragraph 73 of the Complaint and the footnote contained therein, and therefore denies the same.

74.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State admits Dr. Strauss was removed from his position with the Ohio State Athletics Department at the end of July 1996.  Ohio State denies Dr. Strauss was allowed to continue seeing patients at Ohio State, and states Dr. Strauss' ability to provide clinical treatment to students at the University (both in Student Health and in Athletics) was suspended in January 1996.  Ohio State states that the text of the Medical Board Report speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the Medical Board Report.  While Ohio State respects the contents, findings and/or conclusions of the Medical Board Report, Ohio State further states it is without knowledge or information sufficient to form a belief as to the truth of the contents, findings and/or conclusions of the Medical Board Report because it is an independent, external report, and therefore denies the same and leaves Plaintiff to his proof.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 of the Complaint and the footnote contained therein, and therefore denies the same.

75.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State denies that Dr. Strauss' alleged off-campus men's clinic was controlled by or had any affiliation with Ohio State.  Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 75 of the Complaint.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in Paragraph 75 of the Complaint and the footnote contained therein, and therefore denies the same.

76.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it has a history of indifference to students; and states its Office of Student Affairs did investigate allegations about Dr. Strauss' alleged behavior.   Ohio State incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 76 of the Complaint.   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76 of the Complaint and the footnote contained therein, and therefore denies the same.

77.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX.  Ohio State admits that, in October 1997, Dr. Strauss announced his intention to retire from Ohio State; admits that Dr. Strauss retired effective March 1, 1998; and admits that the then Board of Trustees approved Dr. Strauss' appointment as Faculty Emeritus in the University's School of Public Health upon Dr. Strauss' retirement, but further states Ohio State's Board of Trustees voted unanimously to revoke Dr. Strauss' professor emeritus title on May 31, 2019.  Ohio State further incorporates as if fully restated herein Paragraph 24 of its Answer, *supra*, in response to Paragraph 77 of the Complaint.   Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Complaint and the footnote contained therein, and therefore denies the same.

78.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge, and/or disregarded, the alleged sexual abuse by Dr. Strauss at the time alleged or was deliberately indifferent.  Ohio State admits that Dr. Ted Grace was the Director of Student Health Services at Ohio State during certain

periods of time. Ohio State states that the deposition transcript of Dr. Ted Grace, including possible or made objections, speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the deposition transcript. Ohio State further states it is without knowledge or information sufficient to form a belief as to the truth of Dr. Grace's deposition testimony, and therefore denies the same. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Complaint, and therefore denies the same.

79.     Denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it had actual legal knowledge that Dr. Strauss was an alleged sexual predator at the time alleged. Ohio State admits that certain physicians employed by Ohio State, including Dr. Forrest Smith and Dr. John Lombardo, testified in depositions that they lacked knowledge of the rumors, reports, and/or complaints about Dr. Strauss until the public release of such information in 2018 or 2019. Ohio State further admits that during certain periods of time, Dr. Roger Miller was Chief of Preventive Medicine at Student Health Services at Ohio State and/or a Lead Physician at Student Health Services at Ohio State. Ohio State states that the deposition transcripts of Dr. Miller, Dr. Smith, and Dr. Lombardo, including possible or made objections, speak for themselves, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the deposition transcripts. Ohio State further states it is without knowledge or information sufficient to form a belief as to the truth of the deposition testimony of Dr. Miller, Dr. Smith, and Dr. Lombardo, and therefore denies the same. Further answering, Ohio State states it is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the Complaint and the footnote contained therein, and therefore denies the same.

80. Restates, realleges, and incorporates by reference, as if fully set forth herein, Paragraphs 1 through 79 of this Answer in response to the allegations contained in Paragraph 80 of the Complaint.

81. States that Paragraph 81 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Ohio State states that Title IX speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of Title IX. Further answering, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX; and denies any remaining allegations contained in Paragraph 81 of the Complaint.

82. States that Paragraph 82 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Ohio State states that Title IX and 34 C.F.R. § 106.8(b) speak for themselves, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of Title IX and 34 C.F.R. § 106.8(b). Further answering, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX or acted inconsistently with 34 C.F.R. § 106.8(b); and denies any remaining allegations contained in Paragraph 82 of the Complaint.

83. States that Paragraph 83 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State states that Title IX speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of Title IX; and denies any allegations that

are contrary to, or inconsistent with, Title IX; and denies any remaining allegations contained in Paragraph 83 of the Complaint.

84. States that Paragraph 84 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State states that Title IX speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of Title IX. Further answering, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX; and denies any remaining allegations contained in Paragraph 84 of the Complaint.

85. States that Paragraph 85 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint, and therefore denies the same.

86. States that Paragraph 86 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Ohio State denies the allegations contained in Paragraph 86 of the Complaint.

87. Denies the allegations contained in Paragraph 87 of the Complaint.

88. Denies the allegations contained in Paragraph 88 of the Complaint.

89. States that Paragraph 89 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Ohio State states that Title IX speaks for itself, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription of Title IX. Ohio States denies the remaining allegations contained in Paragraph 89 of the Complaint.

90.     States that Paragraph 90, and subparts (i) through (viii) of Paragraph 90, sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State denies the allegations contained in Paragraph 90, including subparts (i) through (viii), of the Complaint.

91.     States that Paragraph 91 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State denies the allegations contained in Paragraph 91 of the Complaint.

92.     Restates, realleges, and incorporates by reference, as if fully set forth herein, Paragraphs 1 through 91 of this Answer in response to the allegations contained in Paragraph 92 of the Complaint.

93.     States that Paragraph 93 sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying it had actual legal knowledge of the alleged prior sexual harassment and abuse by Dr. Strauss at the time alleged. Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 93 of the Complaint, and therefore denies the same.

94.     States that Paragraph 94 sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Ohio State denies the allegations contained in Paragraph 94 of the Complaint.

95.     States that Paragraph 95 sets forth legal conclusions to which no response is required. To the extent a response is deemed required, Ohio State denies the allegations contained in Paragraph 95 of the Complaint.

96.     States that Paragraph 96 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ohio State denies it engaged in any act or omission giving rise to any claim for liability under Title IX, including denying allegations it was deliberately indifferent.  Further answering, Ohio State states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of the Complaint, and therefore denies the same.

97.     States that Paragraph 97 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ohio State denies the allegations contained in Paragraph 97 of the Complaint.

98.     Denies each and every remaining allegation not expressly admitted herein, including but not limited to any allegation contained in any introduction, preamble, subpart, heading and footnote incorporated in a heading, footnote, table of contents, demand, or prayer for relief.

## SECOND DEFENSE

99.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

100.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FOURTH DEFENSE

101.    Ohio State may be immune from and/or lack subject matter jurisdiction over some or all of Plaintiff's claims pursuant to sovereign immunity, the Eleventh Amendment to the United States Constitution, and/or any other applicable immunities under state or federal law, including

but not limited to the extent Plaintiff's Title IX claims are based on alleged violations that occurred on or before October 21, 1986, pursuant to 42 U.S.C. § 2000d-7(b).

## FIFTH DEFENSE

102.     To the extent Plaintiff's Title IX claims are based on alleged violations that occurred before May 14, 1979, Plaintiff's claims are barred in whole or in part because a private right of action under Title IX was not recognized.

## SIXTH DEFENSE

103.     To the extent Plaintiff's Title IX claims for damages are based on alleged violations that occurred before February 26, 1992, Plaintiff's claims are barred in whole or in part because a private right of action for damages under Title IX was not recognized.

## SEVENTH DEFENSE

104.     Title IX is a judicially implied cause of action; was enacted pursuant to Congress' authority under the Spending Clause; and operates in the nature of a contract.  As such, the scope of liability and the damages available under Title IX must be narrowly construed.  As a result, Plaintiff's claims for liability and/or damages are not cognizable and/or recoverable in whole or in part under Title IX.

## EIGHTH DEFENSE

105.     Plaintiff fails to state a Title IX claim upon which relief can be granted because he alleges he did not know of (and therefore did not experience) sexual abuse, sexual harassment, and/or a sexually hostile environment that was so severe, pervasive and objectively offensive that it can be said to have deprived Plaintiff of access to the educational opportunities or benefits provided by Ohio State.

**NINTH DEFENSE**

106.    Plaintiff has failed to plead any factual allegations or causes of action sounding in fraud and/or concealment with particularity.

**TENTH DEFENSE**

107.    Ohio State reserves the right to add to, edit, or otherwise modify the foregoing affirmative defenses as ongoing proceedings and discovery reveal to be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant The Ohio State University prays that the same be dismissed with prejudice, that it recover its costs and expenses, including attorneys' fees and expert fees, incurred herein, and that the Court grant such other and further relief as the Court may deem just and proper.

DAVE YOST
ATTORNEY GENERAL OF OHIO

By:    /s/Michael H. Carpenter
       Michael H. Carpenter (0015733) (Trial Attorney)
       Timothy R. Bricker (0061872)
       Michael N. Beekhuizen (0065722)
       David J. Barthel (0079307)
       CARPENTER LIPPS LLP
       280 Plaza, Suite 1300
       280 North High Street
       Columbus, OH 43215
       Tel: (614) 365-4100
       Fax: (614) 365-9145
       E-mail:carpenter@carpenterlipps.com
       bricker@carpenterlipps.com
       beekhuizen@carpenterlipps.com
       barthel@carpenterlipps.com

       *Special Counsel for Defendant The Ohio State University*

## JURY DEMAND

Defendant The Ohio State University specifically demands a jury of the maximum number of jurors allowable by law on all issues so triable.

DAVE YOST
ATTORNEY GENERAL OF OHIO

By:   /s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
E-mail:carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com

*Special Counsel for Defendant The Ohio State University*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was filed electronically on October 10, 2023.  Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this filing through the Court's ECF system.


/s/ Michael H. Carpenter
Michael H. Carpenter

*Trial Attorney for Defendant The Ohio State University*