# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN DOE 162,

    **Plaintiff,**

v.

THE OHIO STATE UNIVERSITY,

    **Defendant.**

Civil Action 2:23-cv-2991
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

STEVE SNYDER-HILL, *et al.*,

    **Plaintiffs,**

v.

THE OHIO STATE UNIVERSITY,

    **Defendant.**

Civil Action 2:23-cv-2993
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

WILLIAM KNIGHT, *et al.*,

    **Plaintiffs,**

v.

THE OHIO STATE UNIVERSITY,

    **Defendant.**

Civil Action 2:23-cv-2994
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

JOHN DOE,

    Plaintiff,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Civil Action 2:23-cv-2996
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

EDWARD GONZALES, *et al.*,

    Plaintiff,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Civil Action 2:23-cv-3051
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## CASE MANAGEMENT ORDER NO. 1

### Fact Sheets and Records Authorizations

1. This Case Management Order governs the form, procedure, and schedule for the completion and service of the Fact Sheets and the execution of authorizations for the release of certain records.

2. This Order shall not limit or otherwise affect the procedures or timing of any additional discovery (including depositions) beyond that which is described herein. Such additional discovery shall be carried out in accordance with the applicable Federal Rules of Civil Procedure.

I.     **Plaintiff Fact Sheets ("PFS")**

3. The form PFS that shall be used is attached as Exhibit 1. In accordance with the schedule set forth below, every Plaintiff shall:

   a. Complete and sign a PFS;

   b. Serve the completed PFS upon counsel for Defendant The Ohio State University ("OSU");

   c. Produce to OSU all responsive, non-privileged documents in his or her possession, custody, or control that are requested in the PFS; and

   d. Provide the records authorizations referred to below.

4. In completing the PFS, every Plaintiff is required to provide OSU with a PFS that is substantially complete in all respects. For a PFS to be "substantially complete in all respects," the responding Plaintiff must answer every question contained in the PFS to the best of his or her ability and leave no blanks, even if he or she can only answer the question in good faith by indicating "not applicable," "N/A," or "I don't know."

5. Verification: Each Plaintiff's completed PFS shall be signed by the Plaintiff and treated as answers to interrogatories and responses to requests for production of documents under Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, respectively. The interrogatories and requests for production in the PFS shall be answered without objection as to relevance in the form of the question, though Plaintiffs' counsel maintain the right to raise any valid objections, including as to verification of document productions, prior to trial as provided in future orders. This section does not prohibit a Plaintiff from withholding or redacting information from medical or other records provided with the PFS based upon a recognized privilege.

## II. Defendant Fact Sheet ("DFS")

6. The form DFS that shall be used is attached as Exhibit 2. In accordance with the schedule set forth below, OSU shall:

    a. Complete and sign a DFS;

    b. Serve the completed DFS upon counsel in each of the five pending cases; and

    c. Produce to counsel for Plaintiffs in each of the five cases all responsive, non-privileged documents in its possession, custody, or control that are requested in the DFS.

7. In completing the DFS, OSU is required to provide Plaintiffs with a DFS that is substantially complete in all respects. For the DFS to be "substantially complete in all respects," OSU must answer every question contained in the DFS to the best of its ability and leave no blanks, even if it can only answer the question in good faith by indicating "not applicable," "N/A," or by stating that it "does not know."

8. Verification: OSU's completed DFS shall be signed by counsel and treated as answers to interrogatories and responses to requests for production of documents under Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, respectively. The interrogatories and requests for production in the DFS shall be answered without objection as to relevance in the form of the question, though OSU's counsel maintain the right to raise any valid objections, including as to verification of document productions, prior to trial as provided in future orders. This section does not prohibit OSU from withholding or redacting information from medical or other records provided with the DFS based upon a recognized privilege.

4

### III. Issues Common to Both

9. Fact Sheet Deficiency Dispute Resolution: If any Party disputes the sufficiency of any response(s), that Party's Counsel shall notify opposing counsel and allow the identified Party an additional fourteen (14) days to correct the alleged deficiency. The deficiency notice should include sufficient detail regarding the alleged deficiency for the involved parties to meet and confer, if necessary. Should the subject Party fail to cure the stated deficiencies or assert objections to the same, or otherwise fail to provide responses that are substantially complete in all respects within fourteen (14) days of such notice, counsel may request a meet and confer on any outstanding issues within seven (7) days and, following the meet and confer, may then file a Motion to Compel and, if applicable, seek an Order to Show Cause why the case should not be dismissed if no resolution is reached. Any such filing shall be served on the subject Party's individual representative counsel, with any response to such filing to be submitted within fourteen (14) days following the date of service. Any such motion shall describe the involved parties' efforts to meet and confer regarding the alleged deficiencies in the identified Fact Sheet.

10. Notice of Delinquent Fact Sheets: If any Party believes that a particular Fact Sheet is past due under this Order, that Party shall send written notice via email to such Party's individual representative counsel, allowing such Party an additional fourteen (14) days to serve a Fact Sheet that is complete in all respects. Upon receipt of such notice, counsel for the subject Party shall promptly confer with opposing counsel and

state the reason for the failure to timely provide the Fact Sheet. To the extent a dispute remains after counsel confer, it may be raised with the Court for resolution.

11. Each party shall remain under a continuing duty to supplement the information provided in the respective Fact Sheets, if needed, throughout the litigation, in a manner consistent with the provisions of Rule 26(e).

## IV. Records Authorizations (Exhibits to PFS)

12. Medical Authorizations: Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order shall also produce an Authorization for Release of Health Information for each medical provider (including insurers and pharmacies) listed in the PFS. The Authorization for Release of Health Information that shall be used is attached hereto as Exhibit 3 and shall be served on OSU's counsel.

13. Employment Authorizations: Each Plaintiff who completes a PFS in accordance with this Order and who alleges past or future lost earnings as a component of damages must also serve upon OSU's counsel an Authorization for Release of Employee Records for each employer identified in the PFS with whom such Plaintiff was employed during the year(s) in question. The form Release of Employee Records is attached hereto as Exhibit 4 and shall be served on OSU's counsel. By providing such Release, such Plaintiffs who provide those forms are expressly consenting to the release of their relevant earnings information through the production of W2's, 1099's, or other compensation information for the specific years in question. No Plaintiff may seek past lost wages for an employer for whom an Authorization for Release of Employee Records is not submitted.

14. FERPA Authorizations: Authorization to Release Information – Alumni/Former Students; FERPA Consent to Release Student Information. Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order shall also produce an Authorization to Release Information – Alumni/Former Students, specific to OSU and a FERPA Consent to Release Student Information for each other educational institution listed in the PFS. The Authorizations that shall be used are attached hereto as Exhibits 5 and 6 and, as applicable, shall be served on OSU's counsel.

15. "Special" Authorizations: If any health care provider, employer, or other custodian of records: (a) requires a specific form of authorization that is different than the authorizations referred to in and attached to this Order; (b) requires an updated or more recently-executed authorization than those already provided by a Plaintiff; (c) requires a notarized authorization not provided here; or (d) requires an original signature, OSU shall notify Plaintiff's representative counsel of such requirement(s) and that Plaintiff shall, within twenty one (21) days of such notice having been given, either produce an executed authorization or object in writing. In the event of an objection, all reasons and bases must be expressly stated in writing, and the parties shall meet and confer in a good faith effort to resolve such objection(s). Following such efforts, any remaining disputed issues may be brought before the Court for resolution.

16. Requests for Additional Authorizations: In the event that OSU seeks any additional authorization(s) from a Plaintiff, either (a) as a result of OSU having discovered

7

specific medical providers, employers, or educational institutions that were not previously identified by such Plaintiff; or (b) in order to obtain documents in addition to those for which production is expressly provided in the above-referenced authorizations, OSU shall submit such additional authorization request(s) to Plaintiff's representative counsel, after which the referenced Plaintiff shall, within twenty one (21) days, either produce an executed authorization or object to the same. In the event of an objection, all reasons and bases must be expressly stated in writing, and the parties shall meet and confer in a good faith effort to resolve such objection(s). Following such efforts, any remaining disputed issues may be brought before the Court for resolution.

17. *Ex Parte* Physician Communications: OSU and its counsel/authorized agents shall not conduct, engage in, nor authorize any *ex parte* communications, beyond what is reasonably necessary to facilitate the ordering and/or obtaining of medical records for any particular Plaintiff with any Plaintiff's treating physicians without advance notice to and pre-approval of the subject Plaintiff's representative counsel. Should the parties be unable to reach agreement about those communications, OSU and its counsel shall refrain from any such contact until such time as the Court has entered an appropriate order.

## V. Service and Confidentiality

18. Each Plaintiff shall have until March 29, 2024, to serve and produce to counsel for OSU a completed PFS, signed and dated authorizations, and all responsive, non-privileged documents requested in the PFS that are in his or her possession, custody,

or control. OSU shall have until March 29 2024, to serve and produce to counsel in each of the five cases a completed DFS, and all responsive, non-privileged documents requested in the DFS within its possession, custody, or control.

19. Confidentiality: All information disclosed on a PFS, the PFS itself, all information disclosed on the DFS, the DFS itself, and all related documents (including health care records and information) produced therewith or pursuant to an executed authorization shall be deemed confidential and treated as "Confidential Information") pursuant to the terms of the Protective Order.

20. When used, "in your own words" requires a Plaintiff to use their own description rather than one drafted or created by counsel.  However, nothing in this Order or the PFS prohibits a Plaintiff from conferring with his or her counsel in the preparation of the PFS.

21. Counsel shall meet and confer in a good faith effort to resolve any other disputes not specifically addressed above regarding the production of documents and/or the completion or service of a PFS and/or authorization(s).  After such meet-and-confer efforts have been attempted in good faith, counsel for a party may bring any remaining dispute(s) before the Court.

**IT IS SO ORDERED**.

Date: **February 15, 2024**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

9

/s/ Elizabeth A. Preston Deavers
_____
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

10