**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN DOE 162,**

**Plaintiff,**

**v.**

**THE OHIO STATE UNIVERSITY,**

**Defendant.**

**Case No. 2:23-cv-2991**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

---

**STEVE SNYDER-HILL, *et al.*,**

**Plaintiffs,**

**v.**

**THE OHIO STATE UNIVERSITY,**

**Defendant.**

**Case No. 2:23-cv-2993**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

---

**WILLIAM KNIGHT, *et al.*,**

**Plaintiffs,**

**v.**

**THE OHIO STATE UNIVERSITY,**

**Defendant.**

**Case No. 2:23-cv-2994**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

---

**JOHN DOE,**

**Plaintiff,**

**v.**

**THE OHIO STATE UNIVERSITY,**

**Defendant.**

**Case No. 2:23-cv-2996**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

---

**EDWARD GONZALES, *et al.*,**

**Plaintiff,**

**v.**

**THE OHIO STATE UNIVERSITY,**

**Defendant.**

**Case No. 2:23-cv-3051**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

## ORDER

This Order memorializes the telephone status conference from February 20, 2025. Pursuant to that conference, each separate set of Plaintiffs' Counsel will meet and confer with Defense Counsel between today and March 14, 2025, to discuss all outstanding records requests for that Plaintiffs' Counsel's clients. A representative from MRC shall participate in each of those meet and confer sessions.

Plaintiffs' Counsel shall designate their ten Discovery Plaintiffs and Defense Counsel shall designate its ten Discovery Plaintiffs by March 20, 2025.

Finally, Plaintiffs' Counsel raised a concern about how documents have been submitted for *in camera* inspection, and that concern warrants additional discussion.

On January 28, 2025, at 3:31 p.m., Defense Counsel emailed the Court and all Plaintiffs' counsel of record. In that email, Defense Counsel notified Plaintiffs' Counsel that Defense Counsel would be submitting separate spreadsheets with the status of outstanding records collection requests for each Plaintiff group for *in camera* inspection and that, because "the spreadsheets contain confidential information of plaintiffs that is to remain separated from the other plaintiff groups[,]" the spreadsheets would be sent only to the Court. Defense Counsel then sent the separate spreadsheets in a single email to the Court two minutes later.

However, the Court found multiple spreadsheets unwieldy and unhelpful for discerning the total number of Plaintiffs who had outstanding records requests. Accordingly, the Court ordered Defense Counsel[1] to consolidate the multiple spreadsheets "into a single Excel spreadsheet" and to submit that spreadsheet for *in camera* review. *See* Order, ECF No. 50 (Case No. 2:23-cv-2991); Order, ECF No. 88 (Case No. 2:23-cv-2993); Order, ECF No. 59 (Case No. 2:23-cv-2994); Order, ECF No. 51 (Case No. 2:23-cv-2996); Order, ECF No. 91 (Case No. 2:23-cv-3051).

---

[1] The Court now appreciates that this Order put Defense Counsel in an awkward position given the spreadsheets were created by MRC rather than Defendant.

As Defense Counsel explained at the February 20, 2025, telephone conference, they correctly refrained from personally modifying the MRC-created spreadsheets and instead asked MRC to create a single spreadsheet that complied with the Court's Order.  But because the identity of each John Doe Plaintiff would appear in that to-be-synthesized spreadsheet, and because Plaintiffs' Counsel opposes revealing their clients' true identities to each other, Defense Counsel submitted MRC's synthesized spreadsheet via email to the Court on February 14, 2025, without copying Plaintiffs' Counsel on the submission.  The miscommunication may stem from the fact that, unlike with the January 28, 2025, submission, the February 14, 2025, *in camera* submission lacked a corresponding, preceding "notice" email that copied all Plaintiffs' Counsel.

To be clear, Defense Counsel acted wholly within the bounds of the Court's Order by simply transmitting for *in camera* review MRC's revised, synthesized, single spreadsheet.  That submission occurred at 4:57 p.m. on February 14, 2025.

That synthesized spreadsheet, however, contained over 1,200 separate excel entries (one for each outstanding records request) and therefore did not accomplish what the Court had envisioned with its Order: an easy way to determine how many Plaintiffs had outstanding records requests. Accordingly, the Court responded via email to Defense Counsel's submission with a follow-up

request for an even shorter spreadsheet—one that contained "only a single line for each plaintiff" who had an outstanding records request and an indication whether, for that Plaintiff, Plaintiffs' Counsel has *ever* represented that collection efforts on any of the outstanding records requests should cease or that Plaintiffs' Counsel has turned over all available information. In other words, the Court asked MRC to consolidate the information contained in its January 28 spreadsheets into a single spreadsheet, but with one line for each Plaintiff, instead of one line for each outstanding records request.

Defense Counsel submitted that spreadsheet, created again by MRC, on February 19, 2025, at 10:49 a.m. Again, Defense Counsel did not copy Plaintiffs' Counsel on the email because the single spreadsheet still included Plaintiffs from each of the five cases and therefore continued to contain identifying information that Plaintiffs' Counsel refuses to share with each other. And, again, that submission was not preceded by an email notifying Plaintiffs' Counsel that the *in camera* submission was forthcoming.

This explanation hopefully clarifies the nature of the February 14, and February 19, *in camera* submissions. Notwithstanding that explanation, the Court fully understands Plaintiffs' Counsel's concerns as well as Defense Counsel's responsive concerns, both of which were voiced during the February 20, 2025, teleconference. Indeed, those concerns are why Magistrate Judge Deavers asked Plaintiffs' Counsel to reconsider its insistence that the identity of

each counsel's John Doe clients remain secret among remaining Plaintiffs' Counsel. But, the Court is not in a position to force Plaintiffs' Counsel to agree to any particular confidentiality provisions or to share information with each other in discovery. At the same time, when the Court requests information, it desires the information in a format helpful to the Court. It will not waste efforts parsing through a morass of information to answer straightforward questions, such as "how many Plaintiffs have at least one outstanding records request?" simply because counsel refuse to share information with each other.

The needs of Plaintiffs' Counsel to be included on (or at the very least informed of) all *in camera* submissions to the Court must be balanced against the Court's need for efficiently formatted information subject to *in camera* inspection. Accordingly, all counsel are **ORDERED** to discuss the issue during the various meet and confer sessions and propose a plan in the event additional information need be submitted for *in camera review* in the future. One option, as Plaintiffs' Counsel suggested during the February 20, 2025, telephone conference, is for whichever counsel submits information *in camera* to precede that submission with an email to all counsel of record, acknowledging that the submission is forthcoming. Another option is for Plaintiffs' Counsel to agree to share the identity of their clients with each other so that the information for *in camera review* can itself simply be submitted to all counsel of record at the same time it is submitted to the Court. It is not viable, however, to ask the Court to entertain

multiple submissions for multiple sets of Plaintiffs when the Court wants the information amalgamated. The Court is confident the parties will suggest a mutually agreeable proposition by the March 20, 2025, teleconference.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE